## Fred D. Holt, Appellant, v. City of Moline et al., Appellees.

### Gen. No. 6,132.

1. PLEADING, § 42*—*when original declaration abandoned.* A party who elects not to abide by his original declaration, but obtains leave to amend it and files an amended declaration, abandons his original declaration.

2. MUNICIPAL CORPORATIONS, § 1122*—*when city not required to keep park in safe condition.* A city is not required by law to keep every part of a public park safe for public travel.

3. PLEADING, § 52*—*when declaration insufficient.* It is not sufficient for a declaration to aver that a particular duty arises upon defendant, but it must state the facts from which the law will raise that duty.

4. PLEADING, § 45*—*how question as to whether new cause of action stated in amendment determined.* The question whether the cause of action stated in an amended declaration was stated in the original declaration is determined by a comparison of the two declarations.

5. LIMITATIONS, STATUTE OF, § 58*—*when cause of action barred.* On amendment of a declaration if amendment is found to be a different mode of stating the same matter, the statute of limitations which ran after the original declaration and before the amendment was filed is not a defense.

6. LIMITATION OF ACTIONS, § 71*—*when statute does not run in action against city.* In an action against a municipal corporation to recover for personal injuries alleged to have arisen through its negligence, amendments of pleadings examined and *held* not to state a cause of action subject to a plea of the statute of limitations.

Appeal from the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded with directions. Opinion filed October 20, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

W. R. MOORE and DIETZ & SINNETT, for appellant.

JAMES M. JOHNSTON, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Holt sued the City of Moline and the Tri-City Railway Company in an action on the case in the Circuit Court of Rock Island county and filed a declaration containing five counts. The city demurred thereto and the demurrer was sustained. A demurrer by the railway company was also sustained, and leave was granted to plaintiff to amend his declaration, and afterwards he filed an amended declaration containing eight counts. The city demurred thereto and the demurrer was sustained as to counts 1 to 5 thereof and overruled as to counts 6, 7 and 8. To said counts 6, 7 and 8, the city filed a plea of not guilty and two pleas of the statute of limitations. Holt demurred to said pleas of the statute of limitations and that demurrer was overruled. Holt elected to abide by his demurrer to said pleas and the city had a judgment in bar against Holt, from which Holt prosecutes this appeal and assigns three errors, namely: (1) that the court erred in sustaining the demurrer of the city to the original declaration; (2) that the court erred in sustaining the demurrer to the first five counts of the amended declaration; and (3) that the court erred in overruling the demurrer to the pleas of the statute of limitations, filed by the city, and in entering final judgment for the city in bar of the action.

Appellant did not elect to abide by his original declaration, but obtained leave to amend his declaration and filed an amended declaration. He thereby abandoned his original declaration. This record therefore does not present the question whether the court erred in sustaining the demurrer of the city thereto.

The case stated against the city in the several counts of the amended declaration is that on July 4, 1912, and

for many years prior thereto, the city had control of certain public grounds, known as "Outlot 2" in Prospect Park in said city, except that part of said outlot occupied by the railway company's track, and that said city owed a duty to keep said lot in safe condition and free from obstructions liable to injure persons lawfully passing over said lot; that the railway company then and long prior wrongfully had on a part of said outlot certain planks, rails, iron junk and a snowplow; that in disregard of its duty the city permitted said outlot to be in a bad and unsafe condition, with the said snowplow and other articles thereon, without guards, lights and warning to prevent people resorting to said park from falling over said articles and being injured, and that the appellant, while in the exercise of due care for his own safety, unavoidably stumbled over said articles and was injured. The first five counts of said amended declaration did not state any facts which made it the duty of the city to keep this particular place safe for public travel, unless that duty may justly be inferred from the allegation that these were public grounds and a park possessed and controlled by the city. We are of the opinion that a city is not required by law to keep every part of a public park safe for public travel. Certain parts of a public park should be kept in a safe condition for public travel, but there often are in such a park, ponds, lakes, knolls, ravines and forests not intended and not understood by the public to be intended for public travel; and machinery and appliances with which a park is kept in order may very reasonably be stored in some part thereof. It is not sufficient for a declaration to aver that a particular duty rested upon a defendant, but it must state the facts from which the law will raise that duty. *Mackey v. Northern Milling Co.,* 210 Ill. 115; *McAndrews v. Chicago, L. S. & E. Ry. Co.,* 222 Ill. 232. The demurrer was therefore properly sustained to the first five counts of the amended declaration.

The sixth, seventh and eighth counts of the amended declaration did fully and in various ways state a long-continued custom of many people to resort to this particular part of the park with the knowledge of the city, and apparently stated a good case against the city. The remaining question is whether these counts stated a new cause of action against the city or were only a restatement and more ample statement of that which was imperfectly alleged in the original declaration. If they stated a new cause of action, the demurrer to the pleas of the statute of limitations was properly overruled. If they restated a good cause of action defectively stated in the original declaration, then the demurrer to these pleas should have been sustained. *Chicago City Ry. Co. v. Cooney,* 196 Ill. 466; *Salmon v. Libby, McNeil & Libby,* 219 Ill. 421; *St. Louis Merchants' Bridge Terminal Ry. Ass'n v. Schultz,* 226 Ill. 409; *Lee v. Republic Iron & Steel Co.,* 241 Ill. 372; and *McInerney v. Western Packing & Provision Co.,* 249 Ill. 240. Under our practice the question whether the cause of action stated in the amended declaration was stated, though defectively in the original declaration, is determined by a comparison of the two declarations; and if they are found to be different modes of stating the same matter, the statute of limitations which has run after the original declaration and before the amended declaration was filed, will not be a defense. *Chicago & N. W. Ry. Co. v. Gillison,* 173 Ill. 264. We discussed this question in *Sehnert v. Schipper & Block,* 168 Ill. App. 245, on pp. 250-254. The fourth count of the original declaration alleged that the city possessed and controlled said outlot No. 2 (except that part thereof occupied by the railway company) as a part of Prospect Park, and that that part of said park was frequented by a large number of people. We conclude that that allegation defectively stated the matter absent from all the other counts of the original declaration and absent from the first five counts of the

amended declaration, and fully and elaborately set forth in the sixth, seventh and eighth counts of the amended declaration, and that therefore the three counts last named did not state a new cause of action, but stated with much more particularity and completeness the cause of action defectively stated in the fourth count of the original declaration. The demurrer by appellant to the pleas of the statute of limitations should have been sustained. The judgment is therefore reversed and the cause remanded with directions to sustain the demurrer to the pleas of the statute of limitations.

*Reversed and remanded with directions.*