## Otto Stein, Administrator of the Estate of Evelyn Stein, Deceased, Appellant, v. West Chicago Park Commissioners, Appellee.

### Gen. No. 32,112.

1. MUNICIPAL CORPORATIONS—*public and private functions.* Municipal corporations have a dual character, the one public and the other private, and exercise correspondingly twofold functions and duties.

2. MUNICIPAL CORPORATIONS—*liability for negligence when acting in sovereign capacity for general public.* A municipal corporation is not liable for the nonuser or misuser of powers of a public and general character which are exercised by virtue of attributes of sovereignty delegated to it for the welfare and protection of its inhabitants or the general public.

3. MUNICIPAL CORPORATIONS—*liability for negligence when acting in private capacity.* A municipal corporation when acting in its private capacity may incur liability by reason of its negligence or failure to perform its duties in a proper and careful manner.

4. PARKS AND PUBLIC GROUNDS—*lagoon as public nuisance as affecting liability of park commissioners for negligence.* The West Chicago Park Commissioners cannot be held liable for negligence in maintaining

an ordinary lagoon on the theory that the lagoon is a public nuisance, since lagoons in parks are too well recognized as means of decoration and recreation to be considered as public nuisances.

5. PARKS AND PUBLIC GROUNDS—*liability of West Chicago Park Commissioners for negligence.* The West Chicago Park Commissioners are a municipal corporation created by the legislature as a separate entity, and, considering the purpose for which it was organized, namely, for the health, welfare and enjoyment of the general public, is not liable on the ground of *respondeat superior* for the negligence of its servants and agents.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Affirmed. Opinion filed February 9, 1928.

SISSMAN & SISSMAN, for appellant.

DANIEL A. ROBERTS, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

The plaintiff, Otto Stein, administrator of the estate of Evelyn Stein, deceased, filed his declaration and complains of the West Chicago Park Commissioners of a plea of trespass on the case. The declaration consists of two counts. The first count charges that on, to wit, the 31st day of October, 1925, the defendant, under the authority vested in it by the laws of the State of Illinois, had control, management and supervision of a park system in the town of West Chicago, a part of the city of Chicago, and particularly that part known as Douglas Park; that the defendant erected and maintained various conveniences, comforts and means for diversion for the convenience of the general public, and, among other things, created and maintained a small body of water, commonly designated as a lagoon or pond, to be used for boating and swimming in summer and skating during the winter season; that it should have been known to the defendant that it was an attraction for children, par-

ticularly as a place for skating during the winter season, and that it was its duty to take all precautionary measures required by reasonable prudence to guard against dangers which might arise because of insufficient thickness of the ice, and to warn the unwary against such danger by proper signs; that the defendant disregarded its duty in this regard and failed to provide placards or warnings as to the danger of walking on such ice; that plaintiff's decedent, an infant of, to wit, 10 years of age, was walking through the park seeking diversion and amusement, and, while in the exercise of care and caution for her own safety, was attracted by the ice and went upon it; that it gave way and broke and decedent was precipitated into the water and was drowned. It further charges the appointment of plaintiff as administrator, and names the next of kin surviving said decedent, consisting of the father and mother and certain brothers and sisters, and seeks damages in the amount of $10,000. The second count is practically the same as the first, except that the charge of negligence is that it was the duty of the defendant to provide a watchman or a guard at the lagoon, for the purpose of apprising people of the danger. To this declaration a demurrer was filed and sustained, and, the plaintiff electing to stand by his declaration, judgment was entered against the plaintiff for costs, to the entry of which judgment plaintiff duly excepted and prayed an appeal to this court.

The act incorporating the West Chicago Park Commissioners, approved February 27, 1869, provides that "seven persons, resident freeholders and qualified voters of said town (of West Chicago), who shall be designated by the Governor of the State of Illinois, together with their successors, shall be and they are hereby constituted a board of public park commissioners for the town of West Chicago, to be known under the name of the West Chicago Park Commissioners." Under this act the board is made a body

politic and corporate, and among the powers given it are, to govern, manage and direct all parks authorized by the act; to lay out, regulate and improve the same; to pass ordinances for the government of the same; to levy assessments on all property deemed by them to be benefited; to appoint a police force, etc., and generally, in regard to the parks, to possess necessary requisite powers for the purpose of managing said parks; to acquire by condemnation, or otherwise, the title in trust, etc., as public pleasure grounds, the land required, the total cost of the parks to be assessed on the property benefited; to forbid any horse racing, gambling or obnoxious amusements within 400 feet of the park; and to borrow money and pledge the credit of the town of West Chicago for the repayment of same. All vacancies occurring in the board were to be filled by appointment of the governor. The Supreme Court in the case of *Wilcox v. People ex rel. Lipe,* 90 Ill. 186, in its opinion at page 192, says:

"The members of the Board of West Chicago Park Commissioners are agents, by whom, in part, the people of the State carry on the government. Their functions are essentially political, and concern the State at large, although they are to be discharged within the town of West Chicago. By the decisions of this court, this board of park commissioners is held to be a *quasi* municipal corporation, a 'corporate authority' in whom it was competent for the legislature to vest the power to assess and collect taxes within the park district created. And whether tested by the decision in the *Bunn case,* or by the constitutional definition, we cannot doubt that these park commissioners come fully within the term 'officers.' "

The Supreme Court of this State, later in the case of *West Chicago Park Com'rs v. City of Chicago,* 152 Ill. 392, holds that the West Chicago Park Commissioners hold their office and exist as a municipal corporation, and that the parks and boulevards con-

structed by the park board are for the public generally as well as for the public in that immediate vicinity, and also that it is a municipal corporation and not a *quasi*-municipal corporation, as announced in the case of *Wilcox v. People ex rel. Lipe, supra,* and that in the management and control of the park property, the jurisdiction of the park board is exclusive.

It is a well-recognized principle that municipal corporations have a dual character, the one public and the other private, and exercise correspondingly two-fold functions and duties. On the one hand, its powers are of a public and general character, to be exercised by virtue of certain attributes of sovereignty delegated to it for the welfare and protection of its inhabitants or the general public. On the other hand, its duties relate to those of special or private corporate purposes, for the accomplishment of which it acts through its proper officers or agents. In the first classification, its functions are political and governmental and no liability attaches to it under the common law, nor is it liable for the nonuser or misuser of its power. When acting in its private capacity, however, it may incur liability by reason of its negligence or failure to perform its duties in a proper and careful manner. 43 C. J. 921; *Bedtke v. City of Chicago,* 240 Ill. App. 493. The act creating the West Chicago Park Commissioners, a municipal corporation, while it provided for the right to raise revenue for the purpose of maintaining and operating the park system under its control, did not make any provision for the raising of revenue for the purpose of paying judgments against it by reason of its acts of omission or commission, resulting in injury to individuals upon its property. There is a line of decisions, of which several have been cited by counsel in their briefs, to the effect that a city maintaining a public playground or park is liable for the acts of its officers or agents in the course of their employment. There is another

line of decisions holding to the contrary. The well-defined distinction between cases of this character necessarily resolves itself into the question of whether or not, in the management and operation of a public park, a municipal corporation is acting in a private or governmental capacity. Under the powers granted to the West Chicago Park Commissioners, they have no functions or duties other than those expressly provided for by the act, and those duties pertain only to the running and management of its park system. It is a municipality carved out of the city of Chicago, and created by the legislature for a definite and specific purpose, not only for those living within the West Park district but for the public generally, and its duties involved the question of providing outdoor spaces for the inhabitants of the city and State, for the benefit of the general public, and for its health, comfort and enjoyment, and in this regard we believe that its duties bring it well within the definition of a municipal corporation acting for the benefit of the public generally. Its officers are appointed by the governor and not elected by the people in the district in which it lies, and it is therefore under the control of the State and not of the inhabitants of its district.

This court had occasion to pass upon the question of the liability of this particular municipality in an action where an employee of the municipality had been injured, and it was charged in the declaration in that case that his injury was due to the negligence of the West Chicago Park Commissioners. The case referred to was *Backer v. West Chicago Park Com'rs*, 66 Ill. App. 507. The court in its opinion at page 515 says:

"In the case of the West Park Commissioners, as in the case of the Drainage Commissioners, considered in 135 Ill., no funds or means are furnished the West Park Commissioners with which to pay damages occasioned to individuals by the negligent acts of such commissioners, and there is no express statutory re-

quirement that the municipality shall be liable for such torts. True, the commissioners have authority to raise certain sums of money by taxation, but such money is a trust fund required to be expended in the government, maintenance and improvement of the parks, boulevards and pleasureways, which parks, etc., exist, not for the benefit of the inhabitants of the municipality alone, but for the recreation, health and benefit of the public, and are 'free to all persons forever.'

"The doctrine of *respondeat superior* is founded upon the maxim *qui facit per alium, facit per se.*

"In the present case it is the State, which, through commissioners appointed by the governor, responsible to and removable by him and no one else, is doing the work of creating and maintaining parks, boulevards and pleasure grounds. The municipality pays the expense of the work thus done, but it has no directive voice, either as to what shall be done or who shall be employed to do it. However inattentive or remiss the commissioners may be, however negligent, so that damage or injury from their acts results to individuals, the municipality is without remedy; it can only appeal to the sovereign power by whom the commissioners are appointed, and such sovereign will do as to it seems best.

"For this and other reasons, we do not think this action can be maintained against the West Chicago Park Commissioners, sued as the Board of West Park Commissioners."

The case of *Holt v. City of Moline,* 196 Ill. App. 235, was a case somewhat similar in principle and yet different, in that the defendant was the City of Moline, which was in control and management of its own park system. A declaration was filed charging the system with negligence, in the maintenance and operation of its parks, by reason of which Holt, the plaintiff, was injured. It must be remembered that in this case the

park was created and maintained by the city, and in that regard differed from the case at bar, because in the case at bar the park district was created and maintained under and by virtue of the State legislature. The court, in the *Holt* case, refused to extend the responsibility of the city beyond its liability for the care and maintenance of the roads and highways within the parks, and in its opinion, at page 237, says:

"We are of the opinion that a city is not required by law to keep every part of a public park safe for public travel. Certain parts of a public park should be kept in a safe condition for public travel, but there often are in such a park, ponds, lakes, knolls, ravines and forests not intended and not understood by the public to be intended for public travel; and machinery and appliances with which a park is kept in order may very reasonably be stored in some part thereof. It is not sufficient for a declaration to aver that a particular duty rested upon a defendant, but it must state the facts from which the law will raise that duty."

The Supreme Court of Michigan in the case of *Heino v. City of Grand Rapids*, 202 Mich. 363, after denying plaintiff a right to recover for personal injury, in its opinion, at page 376, says:

"It is said imputed negligence is a matter of public policy, subject to legislative regulation and 'it is for the legislature to determine how far, if at all, a body whose negligence, if it is so-called, is imputed, and in no sense actual, shall be made subject to suit for the misconduct of its employees.' *O'Leary v. Board of Fire and Water Com'rs, supra.* No right of action conferred by statute is applicable here. The constitutionally authorized function this municipality was exercising was without private gain to the corporation or to individuals, for purposes essentially public and of a beneficial character in furtherance of the common welfare in harmony with the general policy of the State and was in its nature a governmental activity,

whether it be put upon the ground of health, education, charity, social betterment by furnishing the people at large free advantages for wholesome recreation and entertainment, or all of them.''

We believe the rule announced in the foregoing decision to be sound, and particularly sound in the case at bar, because of what we have said of the creation of this municipal district for the sole purpose of its use by the general public, as a park system, and with no other functions or powers than those given it by the act of its creation by the State legislature. To the same effect is *Caughlan v. City of Omaha,* 103 Neb. 726.

It is argued at some length in the brief by counsel for the plaintiff that this lagoon or pond in question was a public nuisance, but with this we cannot agree. Ponds and lagoons in parks have become too well recognized as means of decoration and recreation to be considered as public nuisances. The declaration contains no averment that the father and mother were without fault in permitting a minor child to be in the park and upon the grounds in question, and there is some question whether this should not have been negatived in order to permit a recovery on their behalf. But in the view we take of this case, this decision is based upon the broader ground that the West Chicago Park Commissioners, a municipal corporation, created as it is by the State legislature, as a separate entity, and considering the purpose for which it was organized, namely, for the health, welfare and enjoyment of the general public, is not liable on the ground of *respondeat superior* for the negligence of its servants and agents.

For the reasons announced in this opinion, the judgment of the superior court is affirmed.

*Judgment affirmed.*

HOLDOM, J., concurs.

MR. PRESIDING JUSTICE TAYLOR specially concurring: I concur, but not on the ground that such a municipal corporation is not in any way liable for negligence. *Bedtke v. City of Chicago*, 240 Ill. App. 493. This court said in that case:

"In our judgment, bearing in mind that the present ill-defined doctrine seems to have arisen from a misconception of early law, the ordinary principles of the law pertaining to torts ought to apply to a municipal corporation; in other words, such a corporation, like any other principal, should be liable for the torts of its agents, and the distinction between governmental and ministerial functions, used in determining the liability of a municipal corporation for negligence in affirmative conduct, should be abandoned. 24 Yale Law Journal 229; 4 Dillon, Mun. Corp. p. 3002." We quoted therein with approval the following language: "In the undertaking of an affirmative course of conduct it is immaterial that the duty being performed is a public one from which the municipality derives no profit. Liability should be based upon the exaction of the law that everyone, in the performance of an affirmative course of conduct, must at his peril measure up to a standard of due care."

There being no difference, in my judgment, between one municipal corporation and another, as regards liability in tort, whether the corporation runs a park system, a sanitary district, or a city, in the instant case I concur in the majority opinion solely on the ground that the declaration failed to allege sufficient facts to make out a cause of action in tort.