Isaac A. Love, Administrator of the Estate of Reuben B. Kilgore, Deceased, Appellant, v. Glencoe Park District, Appellee.

Gen. No. 36,164.

Opinion filed March 29, 1933.

ACTON, ACTON & BALDWIN and C. E. STENNING, for appellant; W. M. ACTON, of counsel.

TOLMAN, CHANDLER & DICKINSON, for appellee; FREDERICK DICKINSON and WALTER V. SCHAEFER, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Issac A. Love, as administrator of the estate of Reuben B. Kilgore, filed his declaration in an action in trespass on the case against the defendant Glencoe Park District, a municipal corporation, for damages resulting from the death of the deceased by drowning, because of negligence on the part of the defendant through its maintenance and operation of the bathing beach located on the shores of Lake Michigan and within the park district.

The declaration consists of two counts. The first count, after setting up the organization of the defendant as a park district, charges that it carelessly and negligently permitted plaintiff's intestate to swim in

Lake Michigan at the beach in question without warning him of a dangerous undertow which was in existence at that place at the time. The second count charges that the defendant maintained life guards at the place in question but that they negligently and carelessly failed to perform their duty and that the defendant also failed to have life preservers and safety ropes for use during an emergency, such as occurred at the time of the death by drowning of plaintiff's intestate.

A demurrer was sustained to the declaration and the plaintiff electing to stand by his declaration, judgment was entered in favor of the defendant with costs against the plaintiff.

The only question presented to this court is whether or not the Glencoe Park District, organized under the act providing for the organization of park districts, can be held legally responsible for accidents such as the one involved in this proceeding. The park district was created under "An act to provide for the organization of park districts and the transfer of submerged lands to those bordering on navigable bodies of water," Cahill's Ill. Rev. St. ch. 105, ¶ 295 *et seq.*, approved June 24, 1895. Section 14 of the act, as amended in 1929, Cahill's St. ch. 105, ¶ 308, conferred upon the park district, created thereunder, the power to construct equipment and maintain field houses, gymnasiums, assembly rooms, comfort stations, indoor and outdoor swimming pools, wading pools, bathing beaches and a number of other provisions for golf, tennis and other athletic sports. Under the act, as amended, the park was given the power to make and enforce reasonable rules, regulations and charges therefor. This court had occasion to consider this question in the case of *Stein v. West Chicago Park Com'rs*, 247 Ill. App. 479, and we there held that the West Chicago Park Commissioners, a munic-

ipal corporation, created as it is by the State legislature as a separate entity, and, considering the purpose for which it was organized, namely, for the health, welfare and enjoyment of the general public, is not liable on the ground of *respondeat superior* for the negligence of its servants and agents. We believe this to be the rule of this State as announced in the cases of *West Chicago Park Com'rs v. City of Chicago*, 152 Ill. 392; *Bedtke v. City of Chicago*, 240 Ill. App. 493; *Holt v. City of Moline,* 196 Ill. App. 235; *Hendricks v. Urbana Park Dist.*, 265 Ill. App. 102.

The park district created under the act already referred to exercises functions governmental in their character inasmuch as they are exercised for the benefit of the general public. There is some conflict in the decisions but we are of the opinion that the general rule is in conformity with that expressed by the courts of this State. The great weight of authority appears to hold that the members of the park board, said board having been created as it was for the use of the general public, are not liable individually, nor is the park district. *Smith v. City of Iowa City*, 213 Iowa 391; *Aldrich v. City of Youngstown*, 106 Ohio St. 342; *Bisbing v. Asbury Park*, 80 N. J. L. 416; *Heino v. City of Grand Rapids*, 202 Mich. 363; *Caughlan v. City of Omaha*, 103 Neb. 726.

The fact that the public was required to pay a certain fee or charge in order to avail itself of the use and privilege of the park does not change the character of the park district as a governmental agency. *Carstens v. City of Wood River*, 344 Ill. 319. So long as the fee is reasonable, it may be charged lawfully in order to provide and maintain various instrumentalities used by the park district for the benefit of the public. The fact that the park district, as created by the act, is carved out of a particular section or portion of another municipality does not take from it the con-

trolling feature of its public use. Its enjoyment and amusement are not limited to the particular park district, but are for the benefit, health and recreation of the public generally. *Furlong v. South Park Com'rs,* 320 Ill. 507; *Stein v. West Chicago Park Com'rs,* 247 Ill. App. 479; *Hendricks v. Urbana Park Dist.,* 265 Ill. App. 102.

No provision is made for the payment of any damages growing out of personal injuries and there is no fund out of which judgments of such character could be paid. It is true the commissioners of the park district have authority to raise funds by taxation, but this fund necessarily must be expended for the purposes for which the park district was created and it cannot be used for any other purpose. *Backer v. West Chicago Park Com'rs,* 66 Ill. App. 507; *Hendricks v. Urbana Park Dist.,* 265 Ill. App. 102; *West Chicago Park Com'rs v. City of Chicago,* 152 Ill. 392.

It is attempted to distinguish the cases involving the West Chicago Park District because of the fact that the commissioners are appointed by the governor of the State. We are unable, however, to see the distinction. The purpose of the West Chicago Park District, under its commissioners appointed by the governor, and the park district involved in this proceeding are similar in their nature. Both were created and carved out by the legislature for the same general purpose, namely, for the health and welfare of the public generally.

It is also argued that the present rule is based upon the ancient doctrine that "the king can do no wrong." We believe the rule is based upon a broader and more humane theory of government. The purpose of the State in the creation of park districts is primarily to provide for the health, welfare and entertainment of the public. The State could operate without such agencies, but without them the loss would be that of

the public. They are not necessary to carry on the functions of government, but their existence is of inestimable benefit to the people. Accidents must, necessarily, happen because of their operation, but the great good to the greatest number greatly outweighs the hardships to the few. The health benefit derived by the general public is of first consideration, and it was evidently this fact which influenced legislatures in the creation of park districts similar to the one involved in this proceeding.

We are of the opinion that it is not requisite in considering the case at bar to discuss the question as to whether or not the defendant was operating in a private or governmental capacity. The park district had no functions that were private in their character. It was operated for the benefit of the public generally and for no other purpose. The case of *Gebhardt v. Village of LaGrange Park,* 268 Ill. App. 556, cited by counsel, was a case where the village had undertaken to run and operate a park and was operating buses for the purpose of carrying citizens of the village to and from the park. In the course of one of these journeys the plaintiff in that proceeding was injured and the court held that the village at the time was engaged in a private capacity and not a governmental one. We believe this case is distinguishable from the one at bar on the ground pointed out. Regardless of the rule announced in that case, this court still is of the opinion that it should adhere to the rule laid down in *Stein v. West Chicago Park Com'rs,* 247 Ill. App. 479.

For the reasons stated, the judgment of the superior court is affirmed.

*Judgment affirmed.*

Hebel and Hall, JJ., concur.