(No. 2237—

RAFFAELE TROMBELLO, ET AL., ADMRS., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 7, 1934.*
*Rehearing denied April 25, 1934.*

JAY J. McCARTHY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On August 29, 1932 Sam Trombello, then a minor of the age of six (6) years, was visiting in Douglas Park in the city of Chicago, which park was under the jurisdiction of the West Chicago Park Commissioners.

The complaint alleges that such child was playing in and around the park lagoon in which there was a signboard consisting of wooden planks, which the employees of the West Park Board permitted to be used as a raft or plaything; that such raft constituted an attractive nuisance and a menace to the lives of children of tender years who played about the same and floated into deep water thereon; that such facts were known to the defendant or could have been known to it in the exercise of reasonable diligence; and that the defendant failed to guard and protect children of tender years in going upon and playing on said raft.

While plaintiff's intestate was playing on such raft, it got into deep water, and as the result of his moving around on the raft, it tipped and he fell therefrom and was drowned.

The Attorney General has filed a motion to dismiss on the ground that the complaint fails to state a cause of action against the State.

Claimant takes the position that the courts of this State have decided in numerous cases that there is no liability on the part of the West Chicago Park Commissioners in cases of this kind, and cites the following cases, to-wit: *Stein* vs. *West Park Commissioners,* 247 Ill. App. 479; *Hendrix, Admx.* vs. *Urbana Park District,* 265 Ill. App. 102; and contends that because there is no liability on the part of the West Chicago Park Commissioners, the State must be liable.

It is true that the courts of this State have repeatedly held that the West Chicago Park Commissioners, and the commissioners of other park districts, are not liable in cases of this kind, for the reason that in the maintenance of public

parks, the park commissioners are engaged in a governmental function, and are not liable on the ground of respondeat superior. for the negligence of their servants and agents in connection with such functions. It does not follow, however, that the State is liable in this case simply because there is no liability on the part of the park commissioners.

We are aware of the fact that the Appellate Court in the Stein case (247 Ill. App. 479), in speaking of the West Chicago Park Commissioners, said:

"Its officers are apopinted by the Governor and not elected by the people in the district in which it lies, and it is therefore under the control of the State, and not the inhabitants of its district."

Such language, however, was used in considering the question as to whether the park commissioners were acting in a private or a governmental capacity, and whether such park district was created for the benefit and advantage only of those living within the district or for the public generally, and had no reference to the liability of the State to respond in damages.

In the case of *West Chicago Park Commissioners* vs. *Chicago,* 152 Ill. 392, the Supreme Court held that the West Chicago Park Commissioners is a municipal corporation.

In the case of *Perkins, et al.* vs. *State of Illinois,* 4 C. C. R. 197, the claimant sought to recover for labor and services performed at the instance and request of the commissioners of Lincoln Park. After a full consideration of the matter, the court there said:

"The Court of Claims has no jurisdiction over suits against municipal corporations and it therefore follows from the opinion above expressed that it can have no jurisdiction in this case. The claim is accordingly dismissed."

The conclusion there reached has been adhered to by this court in numerous cases decided since the Perkins case. *Otto Stein, Admr.* vs. *State of Illinois,* 6 C. C. R. 329; *Blanche Kaufman* vs. *State,* 6 C. C. R. 355; *Ella Kirkpatrick* vs. *State,* 6 C. C. R. 480; *James Hickey, Jr.,* vs. *State,* 7 C. C. R. 60; *Grace Bartel* vs. *State,* 7 C. C. R. 85.

Even if this court had jurisdiction of the case, there would be no liability on the part of the State, as the rule relative to liability for the negligence of its servants and agents in the performance of governmental functions applies to the State, the same as to the park district.

The case of *Otto Stein, Admr.* vs. *West Chicago Park Commissioners*, 247 Ill. App. 479, cited by the claimant, was a case in which the facts were somewhat similar to the present case, plaintiff's intestate having been drowned while skating on the ice at the Douglas Park lagoon. As previously stated, in that case the court held that there was no liability on the part of the West Chicago Park Commissioners. After the decision of that case by the Appellate Court, the administrator filed his claim in this court, and this court held that there was no liability on the part of the State. See *Stein, Admr.* vs. *State of Illinois*, 6 C. C. R. 329.

The declaration does not allege any legal liability on the part of the State, and this court has no jurisdiction to make an award.

The motion to dismiss is therefore sustained and the case is dismissed.