(No. 2085— )

BENJAMIN PRICE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1934.*

LEVISOHN & LEVISOHN, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant seeks to recover damages for personal injuries sustained by him on July 15, 1932 as the result of falling into a certain drain or sewer tile on Lake Shore Drive in the City of Chicago. It is admitted that the accident in question occurred within the confines of Lincoln Park which is under the jurisdiction of the Board of Park Commissioners of Lin-

coln Park. Nevertheless, claimant avers that the respondent carelessly and negligently kept and maintained the street and the manhole cover over the aforementioned drain or sewer tile in a dangerous or defective condition; that said cover shifted when the claimant stepped upon it, as a result of which he fell into such drain or sewer tile, and sustained the injuries complained of.

The Attorney General has entered a plea to the jurisdiction and the claimant has filed a motion to strike such plea. The facts in the case are admitted and both parties have argued the case upon the merits, and we will therefore dispose of the matter upon the facts as admitted.

Lincoln Park is under the direct control and supervision of the Board of Park Commissioners, a municipal corporation, having authority to sue and be sued. The complaint does not allege any facts which show any liability on the part of the State, but counsel for claimant, in their brief and argument say: "But if the State of Illinois was not liable, who *would* be liable for claimant's injury due to negligence?"

It has frequently been held by the courts of this State that the Board of Park Commissioners is not liable for injuries occurring in parks. (*Stein* vs. *West Park Commissioners,* 247 Ill. App. 479; *Hendricks, Admx.* vs. *Urbana Park District,* 265 Ill. App. 102; *Love* vs. *Glencoe Park District,* 270 Ill. App. 117.)

Claimant apparently takes the position that if the Board of Park Commissioners is not liable, the State *must* be liable, but such is not the law.

The same position was taken by the claimant in the case of *Raffaele Trombello, et al., Admrs., etc.* vs. *State,* No. 2237, decided at the January Term, A. D. 1934 of this court, in which the authorities cited by the claimant in this case were considered, and the conclusion reached that the declaration there did not allege any liability on the part of the State. The court must necessarily arrive at the same conclusion in this case and inasmuch as there is no legal liability on the part of the State under the facts as set forth in the complaint, the court has no jurisdiction to make an award.

The plea to the jurisdiction is therefore sustained and the case dismissed.