(No. 2347—

GERTRUDE SHAPIRO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1934.*

ROBERT E. CHERRY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed her complaint herein on March 20, 1934, and alleged therein that "on the 6th day of January, A. D. 1934, the defendant, by and through 'The Commissioners of Lincoln Park,' a duly authorized and existing department or agency of the defendant, with powers and duties conferred upon it by the laws of the State of Illinois, in pursuance of its powers as aforesaid, was possessed of certain sidewalks and pathways for the convenience and safety of pedestrians in the area or district known as Lincoln Park," etc.; and further alleged therein that it was the duty of the defendant to keep and maintain its said sidewalks in good condition and repair and free of obstructions; that notwithstanding its duty in that behalf, the defendant permitted an obstruction dangerous to the safety of pedestrians to be and remain upon said sidewalk, and that the claimant, while in the exercise of all due care and caution for her own safety, tripped and stumbled upon

and against said obstruction, and was thrown with great force to the ground, and thereby sustained serious and permanent injuries.

The Attorney General has moved to dismiss the case for the reason that the Commissioners of Lincoln Park are a municipal corporation, capable of suing and being sued, and that this court is without jurisdiction to entertain this claim.

The same question was raised in the case of *Benjamin Price* vs. *State,* No. 2085, decided at the March term, 1934, of this court; also in the case of *Raffaele Trombello, et al. Admrs. etc.* vs. *State,* No. 2237, decided at the January term, 1934, of this court; and we there held that inasmuch as Lincoln Park is under the direct control and supervision of the Board of Park Commissioners and is a municipal corporation having authority to sue and be sued, an action could not be maintained against the State, for injuries received as the result of an accident occurring in such park.

It has frequently been held by the courts of this State that the Board of Park Commissioners is not liable for injuries occurring in parks. *Stein* vs. *West Park Commissioners,* 247 Ill. App. 479; *Hendricks, Admx.* vs. *Urbana Park District,* 265 Ill. App. 102; *Love* vs. *Glencoe Park District,* 270 Ill. App. 117. There being no liability on the part of the park district, no reason can be perceived why the State should be held liable.

It is also suggested that the State is liable under the doctrine of equity and good conscience. The question of the liability of the State in any case solely on the grounds of equity and good conscience was raised in the case of *Crabtree* vs. *State,* 7 C. C. R. 207, and we there held that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principle of equity and good conscience to secure such an award. The same conclusion was reached in the case of *Johanna Morrissey* vs. *State,* No. 2233, decided at the January term, 1934, of this court.

Claimant having failed to bring herself within the provisions of a law entitling her to an award, the motion of the Attorney General must be sustained and the case dismissed. Case dismissed.