(No. 2306—

METROPOLITAN TRUST COMPANY, A CORPORATION, AS ADMINISTRATOR OF THE ESTATE OF MARIE DAMICO, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1935.*

CLIFFORD G. ROE AND ROBERT S. COOK, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed its declaration herein on January 5, 1934, and alleges therein in substance that on the 20th day of July, A. D. 1933, Marie Damico, claimant's intestate, then a child of the age of thirteen years, was a patron of a certain swimming pool in Ogden Park, in the County of Cook and State of Illinois; that on said date the respondent was in control of and maintained said park for the benefit of the residents and citizens of Illinois; that it thereby became the duty of the respondent to protect the life and limb of its residents and citizens and to keep said swimming pool in a safe condition; that it failed in the performance of its duties in that behalf, in that it failed to place and maintain a screen over a certain

water outlet pipe, which said pipe was ten inches in diameter; that by reason of such neglect of duty, said Marie Damico who entered said pool on said 20th day of July, A. D. 1933 about seven o'clock P. M., was immediately caught by the suction and drawn into said outlet pipe; that although she was a good swimmer, she could not extricate herself therefrom; that several lifeguards tried to extricate her but were unable to do so on account of the suction; that before the flow of the water from such outlet pipe could be shut off and the child's body removed, she was dead.

Claimant's intestate left her surviving her father and mother, one brother and sister, as her only heirs at law.

Letters of administration were issued to Metropolitan Trust Company by the Probate Court of Cook County, Illinois, and said administrator filed its claim herein, and seeks to recover the sum of $10,000.00 from the respondent on account of the death of said decedent under the facts set forth in the complaint.

The Attorney General has entered a motion to dismiss the case for the reason that the State is not liable under the facts set forth in the complaint.

For the purpose of the motion, the court must assume the truth of the averments of the complaint with reference to the control and maintenance of said pool by the respondent.

The question then arises as to whether there is any liability on the part of the State for the negligence of its servants and agents in the operation and control of a swimming pool maintained by it.

The liability of a municipal corporation for the negligence of its servants and agents in connection with the maintenance of a municipal swimming pool, was considered by our Supreme Court for the first time in the recent case of *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234. After reviewing the authorities in the different States, the court held that the maintenance of a swimming pool was a governmental and not a proprietary function, and that the general rule as to exemption from negligence applies. The same conclusion was reached by the Appellate Court of this State in the case of *Stein* vs. *West Chicago Park Commissioners,* 247 Ill. App. 479; *Hendricks* vs. *Urbana Park District,* 265 Ill. App.

102; and *Love* vs. *Glencoe Park District,* 270 Ill. App. 117, in each of which cases the facts were quite similar to this case.

This court has applied the law as above set forth in the case of *Stein, Admr.* vs. *State,* 6 C. C. R. 329; and in the case of *Raffaele Trombello, et al.* vs. *State,* No. 2237, decided at the January term, 1934.

It is the well established law of this State and other States that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents in the absence of a Statute making it so liable. *Kinnare* vs. *City of Chicago,* 171 Ill. 332; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234; *Stein* vs. *West Chicago Park Commissioners,* 247 Ill. App. 479; *Hendricks* vs. *Urbana Park District,* 265 Ill. App. 102; *Love* vs. *Glencoe Park District,* 270 Ill. App. 117; 25 R. C. L. p. 407; sec. 43; 8 R. C. L. Supp. p. 5580, sec. 43.

The Legislature has not enacted any law making the State liable in cases of this kind, and consequently we have no authority to allow an award. *Crabtree* vs. *State,* 7 C. C. R. 207; *Morrissey* vs. *State,* No. 2233, decided at the January term, 1934, of this court.

Award must therefore be denied and the case dismissed.