(No. 2309—)

FRANKIE JONES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1937.*

RAYMOND F. HAYES, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint herein alleges that on October 1st, A. D. 1933, while claimant was passing over and along a portion of Lincoln Park in Chicago, near Sheridan Road and Montrose Avenue, her foot and leg were caught or entangled by a wire which was extending from a certain tree to a stake, whereby she fell and received severe and permanent injuries, for which she seeks damages in the amount of $5,000.00.

The complaint also alleges that said Lincoln Park is a State park and is possessed and controlled by the respondent; that at the time of the accident in question, claimant was in the exercise of all due care and caution for her own safety, and that her injury was the result of the carelessness and negligence on the part of the respondent in permitting said parkway to be obstructed by wires and other obstructions.

The Attorney General has entered a motion to dismiss on the ground that the State is not liable under the facts set forth in the complaint.

Our courts of last resort have held in a number of cases that park districts organized under the laws of the State, are municipal corporations, and that such park districts as well as other municipal corporations, in the maintenance of their public parks are exercising governmental functions, and in the exercise of such functions are not liable for the acts of their servants and agents, in the absence of a statute making them so liable. *Stein, Admr.* vs. *West Chicago Park District*, 247 Ill. App. 479; *Hendrix, Admr.* vs. *Urbana Park District*, 265 Ill. App. 102; *Love* vs. *Glencoe Park District*, 270 Ill. App. 117; *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234.

The same rule applies to the State and we have so held in numerous cases. *Bartle* vs. *State*, 7 C. C. R. 85; *Trombello* vs. *State*, 8 C. C. R. 56; *Metropolitan Trust Co., Admr.* vs. *State*, 8 C. C. R. 377; *Tony Monaco, Admr.* vs. *State*, No. 2057, decided at the September Term, 1935.

We have also repeatedly held that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State, either at law or in equity, if the State were suable. *Crabtree* vs. *State*, 7 C. C. R. 207; *Kramer* vs. *State*, 8 C. C. R. 31; *Shumway* vs. *State*, 8 C. C. R. 43.

We have no authority to allow an award under the facts set forth in the complaint, and the motion of the Attorney General to dismiss must be sustained.

Motion to dismiss allowed. Case dismissed.