(No. 3549—

NEVA J. DUGGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 11, 1941.*

EDWARD PREE and HAROLD WARNER, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint herein alleges in substance that on the 24th day of July, A. D. 1940 the claimant slipped and fell while walking near the west entrance on the first floor of the Capitol Building in the City of Springfield; that it was the duty of the respondent to keep said premises in a safe condition; that the servants, agents and employees of the respondent carelessly and negligently placed upon the floor of said building a certain substance which caused the floor to become very slippery; that by reason thereof the claimant slipped and fell as aforesaid, and thereby sustained injuries to her knee and ankle; that in consequence of said injuries she was compelled to and did incur expenses for doctor bills, medicine, etc., and she therefore asks an award in the amount of One-Thousand Dollars ($1,000.00).

The Attorney General has filed a motion to dismiss for the reason that the claim is predicated upon an alleged liability of the respondent for the negligent and wrongful acts of its officers, agents or employees while engaged in a governmental function, and therefore does not set forth a claim which the State as a sovereign commonwealth should discharge and pay.

The State Capitol is the seat of the legislative and executive branches of the State Government and each of the several departments of the State Government created by·the Civil Administrative Code is required to maintain a central office in such building, of which the Secretary of State is made custodian.

There can be no question but what the State in the maintenance of the State Capitol is engaged in a governmental function. It is a rule of very general application in this and other States that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents. *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minier* vs. *State Board of Agriculture,* 259 Ill. 549; *Love* vs. *Glencoe Park District,* 270 Ill. App. 117; *Stein* vs. *West Chicago Park Commission,* 247 Ill. App. 479; *Hendrick* vs. *Urbana Park District,* 265 Ill. App. 102; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 235; *LePetre* vs. *Chicago Park District,* 374 Ill. 184.

Claimant admits that the general rule is as above set forth, but contends that there is an exception to the general rule in cases where the injuries sustained by the claimant are directly attributable to the gross negligence or wanton misconduct of an agent of the State and are not the result of contributory negligence on the part of the claimant, and takes the position that in such cases the State in equity and good conscience should make payment for the damages sustained.

There is nothing in the record to indicate any gross negligence or wanton misconduct on the part of any agents of the State, but even if such gross negligence or wanton misconduct were shown, there would be no liability on the part of the State.

It is true that this court in some earlier cases recognized an exception to the general rule as contended for by claimant, but the cases recognizing such exception have been over-

ruled and this court has repeatedly held that in all cases where the State is in the exercise of a governmental function, there is no liability on its part for the negligence of its servants and agents.

The question was squarely raised upon the petition for rehearing in the case of *Garbutt* vs. *State*, reported in 10 C. C. R. 37. In that case the same contention was made as in the present case, and upon consideration thereof we said, page 41:

"Even if it be conceded that the facts in the record do show that the servants and agents of the respondent were guilty of gross and wanton negligence, and that the claimant's intestate was free from contributory negligence, still under the repeated decisions of the court, the claimant is not entitled to an award.

"As stated in the original opinion, during a certain period in the history of this court, awards were made in certain cases in which there was no legal liability on the part of the State. In the earlier cases so decided, the facts appealed very strongly to the sympathies of the court, and the awards there made were attempted to be justified on the grounds of "equity and good conscience."

"Thereafter the court apparently recognized the dangerous tendency of such decisions, and the extent to which they were being carried, and gradually began to get back to the earlier decisions of the court, to the effect that this court has no authority to allow an award in any case unless there would be a legal liability on the part of the State if the State were suable.

"In the course of such transition, awards were allowed in certain cases where the claimant was free from contributory negligence, and the servants and agents of the respondent were guilty of gross and wanton negligence, and such awards were attempted to be justified on the ground that such cases constituted an exception to the general rule that the State is not liable for the acts of its servants and agents under the doctrine of respondeat superior.

"If the State is not liable for the ordinary negligence of its servants and agents, there is no principle of law under which it can be held liable for the gross or wanton negligence of such servants and agents, in the absence of a statute making it so liable. The purported exception has no basis in law, and is no longer recognized by this court."

The rule above set forth has been adhered to in the following cases since decided, to wit: *Durkiewiecz* vs. *State*, 10 C. C. R. 61; *Stanley, Admr.* vs. *State*, 10 C. C. R. 146; *Sale, Admx.* vs. *State*, 10 C. C. R. 379; *Bishop, et al.* vs. *State*, 10 C. C. R. 664.

Under the law as applied by this court in the cases above cited, the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.