(No. 3526— )

Esther Widdes, Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 8, 1942.*
*Petition of Claimant for leave to file.*
*Amended complaint filed Oct. 7, 1942.*
*Petition granted Nov. 10, 1942.*
*Motion of Respondent to Dismiss allowed Dec. 17, 1942.*
*Petition of Claimant to reinstate case filed Jan. 18, 1943.*
*Denied March 9, 1943.*

F. Patrick Conlon and Irwin H. Helman, for claimant.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Chief Justice Damron delivered the opinion of the court:

Claimant seeks an award of Fifteen Thousand ($15,-000.00) Dollars for personal injuries claimed to have been sustained by her, as the result of the wilful and wanton conduct and negligence on the part of the agents, officers or employees of the State of Illinois, the respondent herein.

Claimant alleges that on July 13, 1939, she was lawfully on the premises of what is known as Montrose Avenue beach, located on Lake Michigan, at the foot of Montrose Avenue in Chicago, Illinois; that said beach was, at the aforesaid time owned or under the jurisdiction and control of the Lincoln Park District, a governmental adjunct of the State of Illinois.

She further alleges that the Lincoln Park District at the aforesaid time and place, by its agents or servants in that behalf, had constructed and maintained a certain life guard's lookout post consisting of an iron circular framework tower attached to an iron base situated on a wooden pole some twenty (20) feet above the surface of the beach. That the Lincoln Park District, that is the State of Illinois, by its agents or servants in that regard, knew or by the use of ordinary care should have known that divers and numerous people would be present on the beach in the immediate proximity to this life guard's lookout structure and would be using and enjoying the beach in a position directly under same, as was claimant, and it was their duty to use ordinary care and caution for the safety of the claimant and other individuals who were lawfully present in close proximity to the aforesaid structure, and to maintain said structure in a

reasonably safe condition of repairs; that they were likewise under a duty not to inflict personal injury upon claimant and others by any wilful, wanton and malicious conduct, but that not withstanding its duties as aforesaid, the Lincoln Park District, that is the State of Illinois, by its agents or servants at the aforesaid time and place allowed the said structure to become defective; that this defective condition was known to the respondent or could have been ascertained by the exercise of ordinary care.

That as a direct and proximate consequence of the negligence and wilful and wanton conduct of the Lincoln Park District, that is the State of Illinois, through its agents and servants, the said structure was caused to fall down upon the body of the plaintiff with great force and violence, throwing her to the ground causing the claimant to suffer severe injuries for which she seeks the above amount of money from the respondent as damages.

The Attorney General has filed a motion to dismiss for the reason that the claim is predicated upon an alleged liability of the respondent for the negligent and wrongful acts of its officers, agents or employees while engaged in a governmental function, and therefore does not set forth a claim which the State as a sovereign commonwealth should discharge and pay.

It is a rule of very general application in this and other States that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents. *Hollenbeck* vs. *County of Winnebago*, 95 Ill. 148; *City of Chicago* vs. *Williams*, 182 Ill. 135; *Minier* vs. *State Board of Agriculture*, 259 Ill. 549; *Love* vs. *Glencoe Park District*, 270 Ill. App. 117; *Stein* vs. *West Chicago Park Comm.*, 247 Ill. App. 479; *Hendrick* vs. *Urbana Park District*, 265 Ill. App. 102; *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 235; *LePetre* vs. *Chicago Park District*, 374 Ill. 184.

And this court has repeatedly held that in all cases where the State is in the exercise of a governmental function there is no liability on its part for the negligence of its servants and agents. *Trombello* vs. *State*, 8 C. C. R. 56; *Price* vs. *State*, 8 C. C. R. 85; *Monaco* vs. *State*, 9 C. C. R. 90; *Johnston* vs. *State*, 9 C. C. R. 381.

The fact that the negligence is gross or wanton, or that the injured person is an infant of tender years, does not

change the rule. *Stanley* vs. *State*, C. C. R. 146; *Garbutt* vs. *State*, 10 C. C. R. 37.

This court, regardless of the merits of a claim for damages, for personal injuries or damages to property sustained as a result of such negligence or the seriousness of such injuries or the decree of negligence is without power to make an award where the claim is predicated on the negligent act of a servant or agent of the respondent, and no award can be made on the grounds of equity and good conscience. *Braun* vs. *State*, 6 C. C. R. 104; *Chumbler* vs. *State*, 6 C. C. R. 138; *Bucholz* vs. *State*, 9 C. C. R. 241; *Kelly* vs. *State*, 9 C. C. R. 339.

The Court of Claims has jurisdiction to recommend an award only where the State would be liable in law or in equity in a court. *Crabtree* vs. *State*, 7 C. C. R. 207.

Under the laws applied by this court in the cases above cited the motion of the Attorney General must be sustained. Motion to dismiss allowed. Case dismissed.