(No. 3995—

MARZELLA SMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947.*

ROSENBAUM and ROSENBAUM, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

The claimant, Marzella Smith, on October 21, 1946, filed her complaint in this cause alleging that on March 29, 1946 she used a parkway sidewalk, in the Chicago Park District, known as South Parkway, at 48th Street, Chicago, Illinois, to enter a drug store; that in the darkness, she stumbled and fell over an unilluminated concrete post, or jagged edge projecting from the sidewalk

on the parkway, injuring her left knee and leg. Claimant further alleges that she is a house wife in care of children, earning an average of $2,000.00 per year; that she has spent $500.00 for hospital, medical treatment, care, and attendance, and will be required to spend further moneys in attempting to be cured of the injury; that she still suffers great pain; and that the injury is the result of the negligence of the Chicago Park District. She alleges that the Chicago Park District is a departmental function of the State of Illinois. She seeks damages in the amount of $2,500.00.

The respondent has filed a motion to dismiss the complaint on the ground that this court is without jurisdiction since the complaint sets forth a claim against the Chicago Park District, and not against the State of Illinois.

The Chicago Park District is a municipal corporation with power to sue and to be sued. The cause of action in this case is based upon its alleged negligence. The State of Illinois is precluded from assuming liability for a claim against such a municipal corporation. Article IV, Section 20 of the Constitution of 1870, provides:

"The State shall never pay, assume or become responsible for the debts or liabilities of, or in any manner, give, loan or extend its credit to or in aid of any public or other corporation, association or individual."

Claimant's theory, that municipal corporations and other governmental entities, are such agencies and arms of the State, that the State is responsible for claims against them, has been presented to this Court upon many occasions. The Court, however, has consistently held that it has no jurisdiction to hear and determine such claims, and that the State has no responsibility for the debts or liabilities of such bodies. *Monaco et al.* vs. *State of Illinois.* 9 C.C.R. 90; *Jones* vs. *State,* 10 C.C.R. 104.

In the case of *Price* vs. *State,* 8 C.C.R. 85, this court refused to take jurisdiction of a claim based upon the negligence of the Board of Park Commissioners of Lincoln Park, one of the predecessors of the Chicago Park District. At page 86 of the opinion the court stated:

"It has frequently been held by the courts of this State that the Board of Park Commissioners is not liable for injuries occurring in parks. (*Stein* vs. *West Park Commissioners,* 247 Ill. App. 479; *Hendricks, Admx.* vs. *Urbana Park District,* 265 Ill. App. 102; *Love* vs. *Glencoe Park District,* 270 Ill. App. 117.)

"Claimant apparently takes the position that if the Board of Park Commissioners is not liable, the *State must* be liable, but such is not the law.

"The same position was taken by the claimant in the case of *Raffaele Trombello, et al., Admrs., etc.* vs. *State,* No. 2237, decided at the January Term, A. D. 1934 of this court, in which the authorities cited by the claimant in this case were considered, and the conclusion reached that the declaration there did not allege any liability on the part of the State. The court must necessarily arrive at the same conclusion in this case and inasmuch as there is no legal liability on the part of the State under the facts as set forth in the complaint, the court has no jurisdiction to make an award.

"The plea to the jurisdiction is therefore sustained and the case dismissed."

In the case of *Monaco* vs. *State,* 9 C.C.R. 90, the Court of Claims sustained a motion to dismiss because it had no jurisdiction of a claim of an individual against a municipal corporation and made the following statements:

"We are further compelled to take judicial notice of the fact that the Commissioners are officers of a municipal corporation, capable of suing and being sued. This court has repeatedly held that it has no jurisdiction under 'An Act to create the Court of Claims and prescribe its powers and duties,' to entertain suits filed by individuals against municipal corporations as such individuals must seek their legal remedy in courts of record in this State. Further, that such municipal corporations as the Board of Park Commissioners of Lincoln Park, the West Chicago Park Commissioners, and the South Park Board of the City of Chicago, and Boards of Education of cities of school districts, are not arms or agencies of the State government so as to bring them within the jurisdiction of the Court of Claims."

The Court of Claims Act of 1945 (Chap. 37, Par. 439.8, Illinois Revised Statutes, 1945) does not extend the jurisdiction of this court to include suits against municipal corporations. The jurisdiction of the Court, by that act, is limited to claims against the State. Claims against a municipal corporation, or other governmental entity, which can sue or be sued in courts of general jurisdiction, are not claims against the State of which this Court can take cognizance. Claimant's argument should be directed to the legislature rather than to the Court of Claims.

Motion of Respondent is granted. Case dismissed.