## JAMES GRAY *vs.* BENJAMIN THRASHER.

A writ of *scire facias* against a person charged as trustee is not a civil action, within the meaning of the Sts. of 1862, *c.* 217, § 4, and 1866, *c.* 279, § 9, authorizing the removal of such actions by the defendant from the municipal court of Boston to the superior court; and a judgment rendered therein for the plaintiff in the superior court, after such removal, may be reversed by writ of error for want of jurisdiction, although the defendant in that court appeared and filed both a motion to dismiss for that cause and an answer to the merits, and notwithstanding the provision of the Gen. Sts. *c.* 129, § 79, that, when the defendant has appeared and answered to the merits of an action, no defect in the writ or process by which he has been brought before the court shall be deemed to affect the jurisdiction of the court.

WRIT OF ERROR to reverse a judgment rendered by the superior court, at October term 1868, on a writ of *scire facias* against the plaintiff in error.

The record showed that, in an action of contract brought by the defendant in error against Merrill Davis, in the municipal court for the city of Boston, the plaintiff in error was summoned, and on his default was charged, as trustee of Davis, against

whom, on February 19, 1868, the defendant in error recovered judgment for $300 and costs; that on May 29 a *scire facias* was sued out on this judgment, and duly returned and entered in the municipal court on June 6; that on June 9, the plaintiff in error having appeared and filed his affidavit of merits, and having paid the entry fee to the clerk of the superior court, the municipal court ordered that the *scire facias* be removed to the superior court, and it was so removed, and was entered in the superior court, and both parties appeared there; that the plaintiff in error there filed a motion that it be dismissed for want of jurisdiction, in that it was certified from the municipal court without judgment or appeal and by an erroneous assumption of authority under the St. of 1862, *c.* 217, § 4, and also filed a general answer, denying each and every allegation of the defendant in error; that after a hearing the motion to dismiss was overruled; and that judgment was then rendered against the plaintiff in error on his default.

The assignment of errors was: " First, in that said suit was improperly removed and entered in the superior court, the same not being a civil action wherein a debt or damage was sought to be recovered over $100, and the superior court had not, nor could have, any jurisdiction in the case. Second, in that § 4 of *c.* 217 of the Sts. of 1862, under which the suit was removed from the municipal court, applied only to the police court for the city of Boston, and did not, nor could, apply to the municipal court."

The defendant in error pleaded *in nullo est erratum*; and also filed a plea to the jurisdiction of this court, " for that the errors alleged in said assignment concern the jurisdiction of the superior court over the writ of *scire facias* in said errors set forth, and relate solely to the form of process by which this defendant was brought before the superior court, and this defendant says that by the Gen. Sts. *c.* 129, § 79, it is provided that, when the defendant has appeared and answered to the merits of an action, no defect in the writ or other process by which he has been brought before the court, or in the service thereof, shall be deemed to affect the jurisdiction of the court."

*J. Bennett,* for the plaintiff in error.

*I. Knowles, Jr.,* for the defendant in error.

Colt, J. The defendant's plea to the jurisdiction of this court in this writ of error is founded upon the Gen. Sts. *c.* 129, § 79, by which it is provided that defects in the writ or other process by which the defendant is brought before the court shall not affect the jurisdiction of the court. But the objection of the plaintiff in error, which was made in the original suit, was not to the process or its service; it was to the jurisdiction of the court over the subject matter of the suit; and this was a defect which could not be waived by appearance and answer. *Ashuelot Bank* v. *Pearson,* 14 Gray, 521. The defendant had a right to appear and protect himself against an erroneous judgment. *Elder* v. *Dwight Manufacturing Co.* 4 Gray, 201, 205. And besides, the case does not come within the provisions of the section cited, because the judgment was rendered upon a default, and not upon a verdict. *Hollis* v. *Richardson,* 13 Gray, 392.

A writ of *scire facias* is not a civil action, returnable before the municipal court of Boston, wherein the debt or damage demanded exceeds a definite sum, within the meaning of those statutes which authorize the removal of certain cases of that description to the superior court. Sts. 1862, *c.* 217, § 4; 1866, *c.* 279, § 9. It is a judicial writ, which can only issue from the court having possession of the record on which it is founded. If issued by any other court, it will be a mere nullity, and an appearance and answer by the defendant will not give jurisdiction. *Osgood* v. *Thurston,* 23 Pick. 110. No debt or damage is therein demanded. The plaintiff in such an action therefore has no choice as to the courts in which he will bring his suit. No other court, from the nature of the writ, can have jurisdiction. The provisions of the statutes which give the defendant a right of removal are intended to meet the injustice of only allowing to the plaintiff, when there is more than one court having jurisdiction, the right to elect in which to try his case. The interpretation for which the defendant contends would put the parties upon unequal footing, by giving only to the defend-

ant an opportunity to some extent of choosing his tribunal. It could not have been the intention of the statutes to establish such inequality, and it cannot be inferred from doubtful provisions. *Humphrey* v. *Berkshire Woolen Co.* 10 Allen, 420, 423.

It is of no consequence that the alleged error was the result of the act of the plaintiff in error. Nothing that he could do could confer jurisdiction on the court, in the original action, which by law it did not possess.

The original action was improperly removed from the municipal court. The judgment of the superior court must therefore be reversed, and the case dismissed from that court. Gen. Sts. *c.* 146, § 2. *Ordered accordingly.*