KENNEBEC STEAM TOWAGE COMPANY *vs.* ABRAM RICH.

Kennebec.     Opinion March 4, 1905.

*Scire Facias.     Jurisdiction of Kennebec Superior Court.     R. S., c. 78, § 19, c. 79, § 75, c. 88, § 67.*

1. A writ of scire facias to obtain an execution upon a judgment is a judicial, not an original, writ and should issue from and be returnable to the court which rendered the judgment and has possession of the record.

2. R. S., c. 79, § 75, which provides that the Kennebec Superior Court "has exclusive jurisdiction of scire facias on judgments and recognizances not exceeding five hundred dollars," does not in terms nor by necessary implication take away the inherent jurisdiction of that court over scire facias to obtain execution upon its judgments even though the debt and costs in the aggregate exceed five hundred dollars.

On exceptions by defendant.     Overruled.

Action of scire facias on a judgment for $482.22 debt or damage and $29.08 costs, recovered by the plaintiff against the defendant in the Superior Court for Kennebec County. No execution was issued within one year after judgment. This action of scire facias was then brought in the same court to obtain execution on said judgment, and the defendant seasonably filed a motion to dismiss the action alleging

it was not within the jurisdiction of said Superior Court. The presiding Justice of that court ruled that the action was within the jurisdiction of said court, to which ruling the defendant excepted.

The case is stated in the opinion.

*George W. Heselton,* for plaintiff.

*Williamson & Burleigh,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. The plaintiff recovered against the defendant in the Superior Court for Kennebec County a judgment for $482.22 debt and $29.08 costs, the whole judgment aggregating more than $500. The time within which execution could be issued as of course having elapsed, the plaintiff has sued out this writ of scire facias from the same court, and returnable to the same, to obtain execution on this judgment. The defendant insists that the Superior Court which rendered the judgment has no jurisdiction to issue this writ, or to proceed upon it. He cites the statute R. S., ch. 79, sec. 75, which provides that the Kennebec Superior Court "has exclusive original jurisdiction of scire facias on judgments and recognizances not exceeding five hundred dollars." His argument is that by necessary implication that court is prohibited jurisdiction of scire facias upon even one of its own judgments in which the debt and costs together exceed five hundred dollars.

If the defendant's doctrine is sound the legislature has revolutionized the long established law of actions of scire facias upon judgments, without apparent reason or purpose. It has always been held that the writ of scire facias based upon a judicial record is a judicial writ and should issue from, and be returned to, the court where the record is. *Com.* v. *Downey,* 9 Mass. 520; *Osgood* v. *Thurston,* 23 Pick. 110; *Gray* v. *Thrasher,* 104 Mass. 373, 375; *Mitchell* v. *Osgood,* 4 Maine, 129; *State* v. *Brown,* 41 Maine, 535.

Further, independent of authority the action of scire facias to obtain execution upon a prior judgment should in the nature of things be heard and determined by the court which rendered the

judgment and which alone has the record of it. The form of the writ as prescribed by statute requires this, for it recites the judgment "as to us appears of record." This is necessarily the record of the court which is to issue the writ and determine the matter.

Again, the writ in this case is not sued out to obtain a new judgment. It does not initiate a new action. Its only effect is to obtain an execution upon an existing judgment. Only the court which rendered the judgment and has the record of it can issue execution upon it. That court's jurisdiction over the matter would seem to be inherent.

As indicating that the legislature had no intention to make such a radical change of the law as the defendant contends, it may be noted that it is still provided in R. S., ch. 78, sec. 19, that when an execution is levied on real estate and no title obtained, the writ of scire facias shall issue from the Clerk's office issuing the original execution; also that it is still provided in R. S., ch. 88, sec. 67, that the writ of scire facias against a trustee shall issue from the court which rendered the judgment. No limitation as to amount is imposed in either case. No exception of the Kennebec Superior Court is made in either case.

Reading the statute cited (R. S., ch. 79, sec. 75) in the light of the long settled law and uniform practice as to writs of scire facias, in the light of the nature and purpose of the writ and in the light of other existing statutory provisions to the contrary, we think it clear that the inference urged by the defendant is not necessary, nor even reasonable, and that the legislature did not intend thereby to take away the inherent jurisdiction of the Kennebec Superior Court to take cognizance of this proceeding by writ of scire facias.

*Exceptions overruled.*