(No. 12719.—Reversed and remanded.)

GEORGE DONNERSBERGER, Defendant in Error, *vs.* THE PEOPLE *ex rel.* Frank I. Bennett, Plaintiff in Error.

*Opinion filed April 21, 1920—Rehearing denied June 2, 1920.*

APPEALS AND ERRORS—*when State may sue out a writ of error from decree registering title.* In a proceeding to register title, to which the State, through the Illinois and Michigan Canal Commissioners, has been made a party defendant, a decree that the commissioners be defaulted for failure to appear and that the title be registered in the applicant erroneously attempts to take jurisdiction of the State and is void as to it, but the fact that the State may disregard the decree does not preclude it from suing out a writ of error to review it.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, (RAYMOND S. PRUITT, and ADA M. CARTWRIGHT, of counsel,) for plaintiff in error.

BURTON, KANNALLY & MEGAN, (M. V. KANNALLY, and CHARLES P. MEGAN, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

On January 25, 1915, George Donnersberger filed an application in the circuit court of Cook county to register title to the northeast quarter of the northwest quarter of the southwest quarter of section 36, township 39, north, range 13, east of the third principal meridian, in Cook county, stating that the land was vacant and not occupied. His application made the city of Chicago and the Illinois and Michigan Canal Commissioners parties thereto, also unknown parties claiming interest. The city of Chicago entered its appearance, setting up a claim of unpaid special assessments on said property and whatever interest it had or might have in the streets and alleys adjacent to the prop-

erty in question.   A land title summons was issued to the sheriff of Will county, commanding him that he summon the board of trustees of the Illinois and Michigan Canal to answer to the application of defendant in error to establish his title.   The sheriff of Will county served the writ on the chief clerk of the canal commissioners, the return reciting the president and the other officers of said company not being found in his county.   The commissioners of the Illinois and Michigan Canal did not appear in response to said summons and were defaulted.  The circuit court referred the application to the examiner of titles, who reported that he found that the applicant, Donnersberger, derived his title by a complete chain of *mesne* conveyances beginning with a patent from the United States government to Frederick Bronson, dated March 20, 1839, and that at the time of the filing of the application Donnersberger was the owner in fee simple of said land, except such parts as were included in the street known as Thirty-sixth street. He also reported that the land was vacant and that there was a lien or incumbrance on the same for special assessments due the city of Chicago; also that no person, firm or corporation other than the applicant had or claimed any estate, interest or claim in law or equity, in possession, occupation, remainder, reversion, expectancy or otherwise, and that all material allegations of the petition were true and that he was entitled to the relief prayed.   The circuit court on March 17, 1917, entered a decree approving the report of the examiner of titles and confirming the same.   In the decree it was stated that "the defendants, Illinois and Michigan Canal Commissioners, have been duly served with process therein, but have not, nor has any of them, entered their appearance or filed their answer or other pleading," whereupon the decree and order of that court was that said defendants, and each of them, be defaulted.   The court also found title in Donnersberger, subject to the liens for special assessments of the city of Chicago, and directed that

his title be registered. On January 4, 1918, Edward J. Brundage, Attorney General, filed a petition on behalf of the People to vacate and set aside the decree of the circuit court and to quash the service of summons on the board of trustees of the Illinois and Michigan Canal, asking that the court receive evidence to determine the portion of the land described in the application which is owned by the State of Illinois. The city of Chicago and Donnersberger were made defendants, and the latter entered his appearance, limited to the sole purpose of contesting the jurisdiction of the court for granting leave to the Director of Public Works and Buildings of the State of Illinois to file a petition. These matters are still pending in the circuit court of Cook county. This writ of error is sued out by the People of the State of Illinois, on the relation of Frank I. Bennett, Director of Public Works and Buildings, and assigns as error the decree of the court in favor of the defendant in error in accordance with the reports and findings of the examiner of titles and permitting registration of his title, for the reason that the circuit court had no jurisdiction of the State or of the canal commissioners and could not enter default as to them, and that the State of Illinois owns the fee to certain of the land in question.

The People contend that the State of Illinois owns the title to this property, and since the court had no jurisdiction or power over the State or the canal commissioners, it acquired no jurisdiction or authority to default the commissioners or to enter a decree affecting the title of the State in said property, if the State has such title.

Defendant in error does not make answer to the merits of the claim of the State under this writ of error, but contends that if the position of the plaintiff in error in this proceeding is correct,—*i. e.,* that the State and the canal commissioners cannot be made parties defendant to a suit,—the State not being a party to the suit has no right to sue out this writ of error.

Under the constitution of 1870 (art. 4, sec. 26,) it is provided that "the State of Illinois shall never be made defendant in any court of law or equity." Section 3 of chapter 19 of Hurd's Statutes of 1917 provides concerning the Illinois and Michigan Canal Commissioners as follows: "For all legal purposes the said commissioners shall be deemed officers of the State, and all deeds, contracts, writings and acts may be made and suits prosecuted by them, in the name of 'The Canal Commissioners,' but they shall not be considered as a distinct corporation or be liable to be sued." Section 8 of said chapter provides that the canal commissioners "shall have control and management of the Illinois and Michigan Canal, including its feeders, basins and appurtenances, and the property thereto belonging." By section 9 of said chapter it is made the duty of the canal commissioners to take all necessary proceedings on behalf of the State to establish the title of the State and recover the possession of any canal lands or real estate owned by the State which may be claimed by or be in the adverse possession of another person or party, and, when necessary for that purpose, they are empowered to bring suit in the name of the People of the State of Illinois. By section 3 of chapter 24½ of Hurd's Statutes of 1917 the Department of Public Works and Buildings was created, and by section 49 of the act that department was authorized to take over the powers and duties of the canal commissioners and such powers and duties were vested in said department.

The principal question before this court is whether or not the State, by its Department of Public Works and Buildings, has the right to sue out this writ of error. Defendant in error contends that if the State could not be made a party to the proceeding in the circuit court it has no right to a writ of error here; and further, that the decree of the circuit court registering the title in the name of Donnersberger does not preclude the State from exercising any

right or claim which it may have, and that because the State was not a party below, this writ of error should be dismissed.    Whether the State would be precluded from bringing an action to establish its title to the land in dispute or would be prejudiced in such proceeding by the decree herein is one question, and whether it has a right to prosecute this writ of error is an entirely different question.    If it has that right it is of no consequence that it may also have the right to prosecute a separate suit concerning the matter.    Such latter fact is in no way a defense to this writ of error.

·Defendant in error cites cases of other jurisdictions as holding that where a State declines to be made a party and is not made a party to a suit or proceeding it has no right to sue out a writ of error to review the decree or judgment entered in such suit or proceeding.    Those cases are to be distinguished from the case at bar in this:    that in the present case the canal commissioners were, whether rightly or wrongly, made a party to this application for registration under the Torrens act and were defaulted.    In this decree the circuit court found that the Illinois and Michigan Canal Commissioners had been duly served with process and had not answered or appeared, and they were by that decree defaulted.    The decree further finds the title in fee simple to said land to be in the defendant in error, subject to certain liens for special assessments and charges.    It is evident, therefore, that whether it did so rightly or wrongly, the circuit court attempted to take jurisdiction of the State through the canal commissioners and attempted to adjudicate the rights of the State by its decree entered in said cause.    This cause does not rest upon the same character of facts as those in the cases cited by defendant in error. A case similar on this point has been considered by this court.    In the case of *People* v. *Evans,* 262 Ill. 235, a writ of error was sued out of this court by Emma J. Glos for the purpose of reviewing the judgment of the circuit court

entered in a proceeding to which she was not a party. The decree of the court found she had not been made a party or served with process and had not appeared in the suit but that she claimed some right or interest in the property, and held that she was not, in fact, the owner of the same. It was there held that as to her such judgment was void, and that the judgment did not affect any right of hers and might have been disregarded by her, the court there saying: "The writ of error is not limited to judgments which are merely erroneous, but it will lie to a judgment which is void on its face. (*Stonington* v. *States*, 31 Conn. 213; *Striker* v. *Mott*, 6 Wend. 465; *Waters* v. *Randall*, 8 Metc. 132; *Jordan* v. *Dennis*, 7 id. 590; *Gray* v. *Thrasher*, 104 Mass. 373; *Sullivan* v. *LaCrosse Steam Packet Co.* 10 Minn. 386; *Cooper* v. *American Central Ins. Co.* 3 Colo. 318; *Filley* v. *Cody*, 4 id. 109; *Mitchell* v. *Kennedy*, 1 Wis. 806; *Skinner* v. *Beshoar*, 2 Colo. 385.) The decree assuming to adjudicate upon the right or title of the plaintiff in error Emma J. Glos without jurisdiction of her person was void and will be set aside." In the present case the decree of the circuit court, under the constitution and laws of this State, was null and void as to the State of Illinois, and the fact that the State need not have paid any attention to it does not preclude the State from this remedy.

The defendant in error named the State, through the canal commissioners, as a party to this proceeding. The circuit court erroneously attempted to take jurisdiction of the State and erroneously attempted to adjudicate its rights concerning said property. Such adjudication was a nullity, and the State has a right to a review of that decree on this writ of error.

The decree of the circuit court is therefore reversed and the cause remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*