UNION INDEMNITY COMPANY, ASSIGNEE, APPELLANT, v. STATE HIGHWAY COMMISSION AND STATE TREAS-URER OF NEW JERSEY, RESPONDENTS.

Argued February 15, 1929—Decided March 20, 1929.

For the appellant, *James D. Carpenter, Jr.*

For the state treasurer, *William A. Stevens,* attorney-general.

For the state highway commission, *Fred W. De Voe.*

PER CURIAM.

The suit arose out of a dispute between the state highway commission and the plaintiff's assignor, a corporation called Krellwitz Contracting Company, as to whether the latter was entitled to payments under a contract for the building of a bridge (a) for balance of the contract price, and if so, for interest thereon; (b) for extra work on the counterweights because the bridge as planned would not balance; (c) for extra work in changing a shaft of the machinery, as to which appellant prevailed, so it is not in the appeal; (d) for extra work in pile-driving, which the trial court disallowed, and it is not urged here; a counter-claim allowed by the court is not now disputed.

These questions were tried out before Judge Lawrence sitting by consent without jury, and he filed written conclusions which need not now be repeated holding in substance (a) that the balance of contract price was not due at the commencement of the action because of outstanding filed claims, the existence of which barred payment under the contract; (b) that the extra work on the counterweight was due to an error for which either the contractor was responsible, or the highway engineer had not been shown to be responsible. These are

the two points argued on this appeal, and dealing with them purely on their merits, we conclude that Judge Lawrence correctly decided them, and for the reasons stated by him.

We have given no consideration to the question which suggests itself, though not raised below nor alluded to by counsel here, whether such an action as this, even in the form of *mandamus*, as this is, will lie as against the state highway commission and the state treasurer, especially on a disputed claim. The commission represents the state. *Curtis and Hill Co.* v. *Highway Commission*, 91 *N. J. Eq.* 421, cited in *Haycock* v. *Jannarone*, 99 *N. J. L.* 183. The contract itself specifically provides that payments are to be made by the state. A suit against the state treasurer in his official capacity has been held a suit against the state itself. *Ex parte Ayers*, 123 *U. S.* 443; *Smith* v. *Reeves*, 178 *Id.* 436. The point not being raised, we express no opinion on it. The judgment will be affirmed.

*For reversal*—None.