(No. 23916.—

John Noorman, Appellee, *vs.* The Department of Public Works and Buildings *et al.* Appellants.

*Opinion filed April 16, 1937—Rehearing denied June 2, 1937.*

OTTO KERNER, Attorney General, and JEROME F. DIXON, for appellants.

URION, BISHOP & SLADKEY, and HERBERT F. ZORNOW, (HOWARD F. BISHOP, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, on October 31, 1934, filed a bill in the circuit court of Cook county to enjoin the construction and maintenance of a viaduct in Halsted street, opposite his premises. This portion of Halsted street lies in the outskirts of the city of Chicago. The viaduct extends over nineteen railroad tracks. The erection of the structure was begun about July 1, 1934. At the time the complaint was filed it was substantially completed. The bill made the Department of Public Works and Buildings, Division of Highways, Kendrick Harger, (District Engineer of the Department of Public Works and Buildings, Division of Highways,) the county of Cook and Strandberg Brothers Company, a corporation, parties defendant. Later the plaintiff dismissed out of the suit the county of Cook and Strandberg Brothers Company. On the report and recommendation of the master in chancery who heard the evidence, a decree was entered in conformity with such recommendation, ordering that unless the defendants, within 180 days, agree with the plaintiff as to the amount of his damages or institute proper proceedings for the determination of such damages, then the defendants should remove the viaduct. This appeal followed.

We are met at the outset, in the consideration of this case, by the claim of the appellant, the Department of Public Works and Buildings, that the decree is a nullity because of the constitutional provision that the State shall never be made a defendant in any court of law or equity. That the Department, as such, was sued, is clear from the record, but appellee says that the Department of Public Works and Buildings is not a part of the State; that it is but an agency of the State and is therefore subject to being sued.

Section 26 of article 4 of the constitution declares that the State of Illinois shall never be made a defendant in any court of law or equity. Under the Civil Administrative Code of 1917, (State Bar Stat. 1935, chap. 24a,) there were created various departments of the State government including the Department of Public Works and Buildings. (Pars. 2, 3.) Paragraph 4 provides that each department shall have an officer at its head who shall be known as the director. Paragraph 12 provides that the Governor shall appoint such director. Powers and duties of the Department of Public Works and Buildings are contained in Paragraphs 50 to 53 of the Civil Administrative Code. The Department of Public Works and Buildings is a governmental agency of the State. (*Department of Public Works and Buildings* v. *Ryan,* 357 Ill. 150.) In *Donnersberger* v. *People,* 293 Ill. 148, this court held that a suit against the Illinois-Michigan Canal Commissioners, which later became the Department of Public Works and Buildings, is a suit against the State. In *People* v. *Peoples Savings Bank and Trust Co.,* 362 Ill. 395, it was held that the Department of Public Welfare is an administrative department of the State engaged in governmental functions, and that funds deposited in a bank, in the name of that department, were funds belonging to the State. In *Minear* v. *State Board of Agriculture,* 259 Ill. 549, the right to sue that board, in tort, was denied. It was held

in *People* v. *Sanitary District of Chicago,* 210 Ill. 171, that the immunity of the State from suit cannot be waived by a State officer.

The rule is general in States having constitutions which deny the right to sue the State, that departments of the State government come within such prohibition. Thus in *Long* v. *Highway Commission of Iowa,* 204 Iowa, 376, 213 N. W. 532, the right to sue the Highway Commission was denied. Such denial has been asserted in other States as follows: Arkansas, the Board of Charities and Correction, *State* v. *Lovett Carnalian Co.,* 179 Ark. 43, 14 S. W. (2nd) 233; Maryland, the Board of Trustees of the State Normal School, *Williams* v. *Fitzhugh,* 147 Md. 384, 128 Atl. 137; South Carolina, the State Highway Department, *United States Casualty Co.* v. *State Highway Department,* 155 S. C. 77, 151 S. E. 887; New Jersey, the State Highway Commission, *Union Indemnity Co.* v. *State Highway Commission,* 105 N. J. 656, 146 Atl. 206, and in Florida, the State Board of Education, *Hampton* v. *Board of Education,* 105 So. (Fla.) 323.

Counsel for appellee have cited cases which they urge are authority for holding that the Department of Public Works and Buildings, as such, may be made a party defendant in a proceeding of this character. One of such cases is *Joos* v. *Illinois National Guard,* 257 Ill. 138. This was a suit brought not only against the National Guard but against the officers of the National Guard. A reading of this opinion will disclose that the action was sustained against the officers of the National Guard. It was there held that while the establishment of a rifle range and the practice of target shooting is a lawful exercise of power, yet when it is conducted so as to be a menace to the life of the citizen, the officers of the National Guard become trespassers and are not representatives of the State, and when they exceed their authority by wrongful acts they should be, and are, answerable to the injured party in the

courts. In no case cited has a department, such as the Department of Public Works and Buildings, been made defendant in a suit.

A department of State government is commonly known as a part, or division, of the government. This is recognized by both State and Federal courts. As was said by the Supreme Court of the United States in *Russell Motor Car Co.* v. *United States,* 261 U. S. 514, 67 L. ed. 778, "Executive power, in the main, must, of necessity, be exercised by the President through the various departments. These departments constitute his peculiar and intimate agencies."

Counsel for appellee say that this court has held that the Department of Public Works and Buildings is not a part of the State but merely an agency of the State government. They cite *Department of Public Works and Buildings* v. *Ryan, supra,* where this court held that right of eminent domain by a department of the government, as distinguished from the State sovereignty, can only be exercised when such grant is specifically conferred by legislative enactment, and then only in the manner, and to the extent, so authorized. This was held also in *Department of Public Works and Buildings* v. *Schlich,* 359 Ill. 337. As was also recognized in those cases, the power to exercise eminent domain is inherent in the State, and section 13 of article 2 of the constitution, requiring that private property shall not be taken for public use without just compensation, is but a recognition of that power and a restraint upon its exercise as against the rights of the citizen. It by no means follows, however, that because a certain department of the State has only such powers of eminent domain as are given it by the legislature, that therefore it is not a part of the State government but is subject to being sued. These cases do not support such a conclusion. They hold, in effect, that a part of the State government does not enjoy, as inherent, the power of eminent domain,

and that neither the State, nor a part of it, may transcend the constitutional provision against the taking of private property for public use without just compensation. This is far from holding that a part of the State government is not within the prohibition of section 26 of article 4.

Counsel for appellee say that if he may not thus sue this department the limitation of section 13 of article 2 against taking private property for public use without just compensation becomes meaningless, and the individual citizen has no power to protect himself except by a plea to the court of claims for damages, and that that is not the recognized meaning and purpose of section 13 of article 2 of the constitution, but that such provision means the ascertainment and payment of damages before the property is taken. The purpose of that constitutional provision is thus accurately stated, as many cases of this court demonstrate, but it by no means follows that because, in a situation of this kind, an individual may not sue a department of the State, he is without remedy. The distinction laid down by this court in the *Joos case,* and by other courts of this country, is based on the presumption that the State, or a department thereof, will not, and does not, violate the constitution and laws of the State, but that such violation, if it occurs, is by a State officer or the head of a department of the State, and such officer or head may be restrained by proper action instituted by the citizen. While legal official acts performed by a State officer are acts of the State, illegal acts performed by him are not acts of the State. It is this basis of differentiation upon which suits are maintained against State officers. The distinction between suits against the State and those against State officers is illustrated by numerous cases in this court and others wherein action has been brought against a State officer or the director of a department. Where the suit at law or in equity is maintained against such officer on the ground that, while claiming to act for the State, he violates

or invades the personal property rights of the plaintiff under an unconstitutional act, or under an assumption of authority which he does not have, such suit is not against the State. This distinction is brought out in many of the cases cited herein. As was pointed out by the Supreme Court of the United States in *Fitts* v. *McGhee,* 172 U. S. 516, 43 L. ed. 535, if officers commit trespasses or wrongs to the citizens, they may be individually proceeded against for such trespasses or wrongs, and the citizen is not without effective remedy when proceeded against by a State officer under a void legislative enactment or without authority of law. The distinction between suits against the State and an officer of the State or head of a department is also pointed out in a large number of cases cited in the annotation to *White Eagle Oil and Refining Co.* v. *Gunderson,* 205 N. W. (So. Dak.) 614, 43 A. L. R. 397.

Counsel for appellee argue that if he is not under the constitution allowed to sue the Department of Public Works and Buildings then one provision of the constitution is being used to defeat another constitutional provision made for his benefit. With this we cannot agree. It is presumed that the State will not commit a wrong against its citizens, and when that is attempted which is contrary to the constitutional rights of the individual, he may, as we have seen, proceed against the officer who is thus acting without authority. In the case before us appellee, assuming that he had a just complaint and had proceeded without *laches,* might have enjoined the Director of Public Works and Buildings from the construction of this viaduct until his rights were secured. He, however, chose to bring the action against the department, which is a part of the State government and is not subject to a suit by a citizen. The county of Cook and the contracting company have been dismissed out of this case. This leaves only the appellant Kendrick Harger, described as the "District Engineer of the Department of Public Works and Buildings, Division

of Highways." There is nothing in the record to show that he is an officer in charge of the Department of Public Works and Buildings. He is, in fact, but an employee, against whom service or a decree in a case of this character, will not run, as he is without authority. It is clear to us that appellee has misconceived his action.

The decree of the circuit court against the Department of Public Works and Buildings was void, as the court was without jurisdiction to enter it. Such a decree may be attacked at any time.

The decree is reversed. *Decree reversed.*