RICHARD A. HOFFMAN, Plaintiff-Appellant, *v.* JOHN L. YACK *et al.*, Defendants-Appellees.

Fifth District   No. 76-530

Opinion filed January 31, 1978.—Rehearing denied March 16, 1978.

JONES, J., dissenting.

Dennis J. Hogan, of Hogan and Jochums, of Murphysboro, for appellant.

James B. Bleyer, of Marion, and John W. Huffman, Richard Higgerson, and Arnold Sussman, Legal Counsel for Southern Illinois University, of Carbondale, for appellees.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Plaintiff, Richard A. Hoffman, takes this appeal from an order of the Circuit Court of Jackson County dismissing, with prejudice, his complaint against defendants John L. Yack and the Board of Trustees of Southern Illinois University.

Plaintiff is a tenured instructor in the Commercial Graphics-Design Department of the School of Technical Careers of Southern Illinois University, and defendant Yack is the supervisor of this department of the University. The complaint filed by plaintiff is drawn in two counts. Count I alleges that defendant Yack, acting outside the scope of his employment or duties and without privilege, engaged in a course of deliberate and malicious conduct towards plaintiff including communications to plaintiff's supervisors of false accusations as to plaintiff's professional competency, racist views, sexual aberrational conduct and lack of integrity. It was also alleged that defendant Yack urged students to fill out poor teacher rating forms concerning plaintiff and that he diverted and intercepted plaintiff's mail. Plaintiff contends that this course of conduct damaged his "prospectively advantageous tenured economic relationship with the University concerning raises and promotions."

Count II alleges that the Board of Trustees as a "body politic and corporate" by acting by and through their agents and employees, including the deans and chairmen, failed to give plaintiff fair consideration with respect to salary increases and promotions because of the accusations made by Yack. Other paragraphs of this count, while framed in terminology difficult of interpretation, seem to allege that the Board, to the detriment of plaintiff, violated its duty to Yack with regard to the unsworn complaints made by him concerning plaintiff, and at the same time failed to perform its duty to plaintiff, because it did not execute the provisions of article VIII, section 5 of the statutes and bylaws of Southern Illinois University. The article and section provides for a grievance procedure of which personnel may avail themselves if they have complaints regarding their employment. On appeal, plaintiff admits that he did not initiate a grievance procedure under this section; but he alleged in his complaint that it was incumbent upon the Board to institute these procedures on his behalf, even though this section of the bylaws establishes only procedures which may be taken by aggrieved employees and does not provide for any action to be taken by the Board.

Defendants filed a motion to dismiss the action in the circuit court alleging that the statutes and bylaws of the Board of Trustees establish and require exhaustion of an administrative review and remedy for any dispute or complaint arising over personnel matters, and that plaintiff did not pursue or exhaust this remedy. Secondly, defendants maintain that the circuit court had no jurisdiction over this matter, because all causes of action sounding in tort which are filed against the Board of Trustees of Southern Illinois University must be filed in the court of claims which has exclusive jurisdiction. The lower court granted the motion to dismiss. On appeal, the issue is whether each count stated a cause of action over which the circuit court had jurisdiction.

Considering count II first, we affirm the order of the trial court

dismissing the complaint against the Board of Trustees. The parties to this action seem to assume that the complaint alleges a breach of a noncontractual duty and that the cause of action, if one exists, sounds in tort. In count II, the Board of Trustees of Southern Illinois University is the party formally denominated. It is the party charged with a breach of duty to the plaintiff, and it is the party against whom the relief, by way of money damages, is sought. Thus, there is no doubt but that the action in count II, as framed by both the issues and the relief sought, is against this agency or arm of the State. See *Schwing v. Miles*, 367 Ill. 436, 11 N.E.2d 944; *G. H. Sternberg & Co. v. Bond*, 30 Ill. App. 3d 874, 333 N.E.2d 261.

■■■ If we view this matter as sounding in tort, the circuit court had no jurisdiction to hear or determine the cause, since section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1975, ch. 37, par. 439.8(d)) specifically grants exclusive jurisdiction to the Court of Claims for all tort claims against the Board of Trustees of Southern Illinois University. See *People ex rel. Maciuba v. Cheston*, 25 Ill. App. 3d 224, 323 N.E.2d 40 (1974).

Although plaintiff did not specifically plead a violation of his contract of employment, the facts alleged seem to raise this issue, but again, if the theory of the action would be deemed to be the breach of a contractual duty, the Court of Claims has exclusive jurisdiction by virtue of section 8(b) of the Court of Claims Act (Ill. Rev. Stat. 1975, ch. 37, par. 439.8(b)) requiring that all claims against the State be brought in that court. A State university and its board of trustees are arms of the State and are not independent or autonomous of the State. An action premised on a breach of contract brought against the board is a suit against the State over which the circuit court has no jurisdiction. *Tanner v. Board of Trustees*, 48 Ill. App. 3d 680, 363 N.E.2d 208 (1977); see also *Kane v. Board of Governors*, 43 Ill. App. 3d 315, 356 N.E.2d 1340 (1976).

■■ We are not persuaded by plaintiff's argument that the action against the Board in count II is not one against the State, because it is based on what he terms as "non-governmental" activity. This argument is premised on plaintiff's theory that the Board's conduct was of a nongovernmental nature, because the Board failed to execute or omitted performance of a duty which plaintiff alleges was owed to him, as opposed to the negligent performance of a duty. It is basic that a breach of duty can consist of either an act of commission or an act of omission, and plaintiff cannot in this way circumvent the fact that the allegations made and the relief sought are against the Board of Trustees in its capacity as an arm of the State.

Accordingly, we hold that the plaintiff's claim in count II was improperly filed in the circuit court and find it unnecessary to reach the other arguments made by defendant in support of the trial court's dismissal of this count.

■■■ We next consider the count I claim against defendant Yack.

Whether a suit against an employee of the State is in reality a suit against the State, and thus one that must be heard in the Court of Claims, depends upon the nature of the alleged conduct of the employee and the relief sought. (*People ex rel. Maciuba v. Cheston*, at 226.) The identification of the claim as being against Yack individually is not alone determinative. Rather, if a judgment for plaintiff could subject the State to liability or operate so as to control the actions of the State, then the suit is deemed to be one against the State. (*Schwing v. Miles; Ritchey v. Maksin*, 49 Ill. App. 3d 974, 365 N.E.2d 127 (5th Dist. 1977).) Here, an examination of count I shows that Yack's conduct was alleged to have been outside the scope of his employment and was further alleged to have been deliberate and malicious. Secondly, plaintiff seeks only money damages from Yack as an individual. In count I he does not seek to recover damages from the university nor does he pray for any relief which would in any way affect or alter the policies and practices of the university with regard to its employees. Considering then the conduct alleged and the relief sought, we cannot envision how a judgment for plaintiff, if premised upon Yack's wrongful acts outside the scope of his position or authority, would affect or control the actions of the State or subject it to liability. Thus, under the well-established rule enunciated in *Schwing v. Miles* and recently reiterated in *Ritchey v. Maksin*, we determine that the count I claim against Yack personally is not barred by the doctrine of sovereign immunity in contravention of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1975, ch. 127, par. 801); nor is it within the exclusive jurisdictional purview of the Court of Claims (Ill. Rev. Stat. 1975, ch. 37, par. 439.8).

■■ Defendant Yack also contends, however, that the complaint states no cause of action against him on the premise that he is not liable for defects in judgment in carrying out duties of a governmental character, where to do so requires the exercise of discretion and judgment. While the principle upon which defendant relies is correct (see *Mower v. Williams*, 402 Ill. 486, 84 N.E.2d 435; *Lusietto v. Kingan*, 107 Ill. App. 2d 239, 246 N.E.2d 24; *List v. O'Connor*, 21 Ill. App. 2d 399, 158 N.E.2d 103), it is here alleged that Yack's actions were deliberate, malicious and not within the scope of his duties. When an employee of the State exceeds his authority by wrongful acts, he ceases to be a representative of the State, and the injured party may seek relief from the wrongdoer personally, as long as the action does not control the operations of the State or subject to it liability. *Mower v. Williams; Noorman v. Department of Public Works & Buildings*, 366 Ill. 216, 8 N.E.2d 637; *Joos v. Illinois National Guard*, 257 Ill. 138, 100 N.E. 505; *Ritchey v. Maksin*.

Defendant also maintains that his conduct was privileged by the employment relationship whereby he was under a duty to advise his

supervisors of matters which were material to the employment of plaintiff. Again, defendant misconceives the issue in that it is alleged that certain wrongful acts performed, including false accusations, were not in furtherance of or within the scope of his duties as a supervisor.

Accordingly and for the reasons discussed herein, we find that the trial court erred in dismissing count I of the complaint, and the judgment of the trial court dismissing count I is reversed and remanded. The judgment of the circuit court dismissing count II is affirmed.

Affirmed in part, and reversed in part and remanded.

KARNS, J., concurs.

Mr. JUSTICE JONES, dissenting:

I concur with the majority in their affirmance of the dismissal of count II of plaintiff's complaint. However, I am of the opinion that count I of the complaint, directed against John L. Yack, sole, does not state a cause of action and that the order of the trial court which dismissed count I of the complaint should be affirmed. I accordingly respectfully dissent from that portion of the majority opinion which reverses the order of the trial court as to count I of the complaint.

The basis of my position is that count I of plaintiff's complaint wholly fails to allege sufficient, or any, facts which would constitute a cause of action against defendant Yack. In paragraph 1 of count I plaintiff alleges that he is a tenured instructor at Southern Illinois University—a status he refers to in paragraph 2 as a "property interest." In paragraph 3, in four subparagraphs, plaintiff describes the particular actions or communications defendant Yack allegedly performed falsely and maliciously, which caused injury to his property interest. In paragraph 4 plaintiff closed the figure by attempting to allege the manner in which defendant Yack's actions, set forth in paragraph 3, caused injury to plaintiff's "property interest," set forth in paragraphs 1 and 2. Paragraph 4 in its entirely states:

> "4. That as a direct intended result and consequence of the Defendant's aforesaid course of deliberate misconduct, Plaintiff's prospectively advantageous tenured economic relationship with Southern Illinois University was, from and after the Summer of 1971 and continuing to the present, grievously damaged, harmed and injured; Plaintiff's Deans [*sic*—I assume plaintiff means the Deans of defendant Board of Trustees of Southern Illinois University] arbitrarily have discriminated against Plaintiff by failing and refusing, at the urging of Defendant, to consider fairly in good faith any raise or promotion of Plaintiff for several years

last past; Plaintiff has suffered great mental anguish and frustration in his pursuit of reasonable happiness in his chosen profession; Plaintiff has been forced to expend money for attorneys fees litigating with a third party to vindicate Plaintiff's right to fair consideration on raises and promotions."

In paragraph 5 plaintiff alleges that he seeks exemplary and punitive damages in addition to other damages. In paragrah 6 he alleges that at all times germane he was in the exercise of due care for his own property interest. Count I concludes with a prayer for specific compensatory and general damages, and punitive damages.

Plaintiff seems to be complaining of communications of defendant Yack that would constitute libel or slander, but he does not allege any facts that show an injury to his "property interest" within the gambit of *Doremus v. Hennessy*, 176 Ill. 608, 52 N.E. 924, or *Colucci v. Chicago Crime Com.*, 31 Ill. App. 3d 802, 334 N.E.2d 461, upon which he relies.

Paragraph 4 must be considered the crux of plaintiff's complaint against defendant Yack for it attempts to apply the actions described in paragraph 3 to some injury to the protected "property interest" described in paragraphs 1 and 2. However, it can be seen that the matters set forth in paragraph 4 bear no relation to the protected interest of plaintiff. Paragraph 4 initially asserts that his prospectively advantageous tenured economic relationship "was * * * grievously damaged, harmed and injured." There is no further allegation explaining or describing these grossly conclusive statements. Plaintiff does not allege any means or manner in which his "property interest" is damaged or that in any way because of defendant Yack's actions, plaintiff is likely to lose that property interest or suffer an injury to it.

Next in paragraph 4 plaintiff asserts that plaintiff's (defendant's?) "deans" arbitrarily have discriminated against plaintiff for failing and refusing, at the urging of defendant, to consider fairly in good faith any raises or promotions of plaintiff for several years last past. No "deans" are a party to this action, and no specific interest is set forth. Any defalcation on the part of "deans" would not subject defendant Yack to liability. The allegation is that the "deans" have been arbitrary in this discrimination. Whether or not defendant "urged" them to their position, would have no bearing on defendant Yack's liability.

Paragraph 4 next alleges that plaintiff has suffered great mental anguish and frustration in his pursuit of reasonable happiness in his chosen profession. There is no liability upon defendant Yack for any such condition of plaintiff. No battery is alleged that would afford the basis for damages for mental anguish and frustration and the allegations are far short of those of the type set forth in *Knierim v. Izzo*, 22 Ill. 2d 73, 174

N.E.2d 157, which would permit recovery for emotional and mental distress in the absence of physical contact.

Plaintiff concludes paragraph 4 with a gratuitous assertion that he has been forced to spend money for attorney's fees litigating with "a third party" to vindicate his right to fair consideration on raises and promotions. There is not the slightest indication that defendant Yack was in any way involved in this element of damage. Even under the most liberal interpretation of a notice pleading complaint in Federal court could such an assertion as this conclusion in paragraph 4 be considered sufficient to allege a cause of action.

Count I of plaintiff's complaint is rambling and disjointed, and replete with legalese. Even by applying a liberal interpretation to pleadings count I does not state a cause of action as to defendant Yack. I would affirm its dismissal by the trial court.